## SAMUEL McBURNEY *v.* C. W. BRADBURY.

Where the owner of a building pays the contractor, after having received notice of the claim of one of the workmen employed in the construction of the building, he is still liable to the workman.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Bartlett* and *Rand*, for plaintiff. *Goold*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff was employed by *Robinson* and *Shaw* to slate certain buildings which they had contracted to erect for the defendant. Failing to obtain payment from *Robinson* and *Shaw*, he served on the defendant an attested copy of his account against them. The defendant refused to pay it, and the plaintiff brought this suit against him and has obtained judgment in the court below for the amount of his claim.

The defendant sets up as matters of defence, that as the building progressed he paid regularly the installments due under his building contract, until the mechanics employed by *Robinson* and *Shaw* refused to go on with the work, unless he assumed to pay them, and that he found himself compelled to accede to their demands. He alleges that those payments were not voluntary, and should not be considered as made in anticipation within the meaning of the act of 1844. He further claims demurrage and damages for a violation of the building contract, in the erection of the kitchen.

*Robinson* and *Shaw* having gone on with the contract, finished the houses and delivered them to the defendant, the payments alleged must be considered as having been made to them; so far as the plaintiff is concerned, his rights cannot be affected by the facilities which the defendant chose to give to *Robinson* and *Shaw*, beyond the stipulations of his contract with them. Under that contract the defendant should have had one thousand dollars in his hands when the attested account of the plaintiff, amounting to three hundred and seventeen dollars was served upon him.

We are of opinion with the district judge, that the defendant has failed to make out his claim for damages; and if he should be entitled to demurrage by reason of the delay in completing the building, about which we express no opinion, the amount paid by anticipation would still be more than sufficient to

McBurney
    *v.*
Bradury.

satisfy the plaintiff's claim.   Indeed, the amount thus paid would be sufficient for that purpose, even if all the payments made for work done under the contract were deducted from the total amount which the defendant was to pay. He has, therefore, no pretext for resisting the plaintiff's demand.

The judgment is affirmed, with costs.